ZRIMSEK, Respondent, v. AMERICAN AUTOMOBILE INSUR-
ANCE COMPANY, Appellant.

*September 8—October 6, 1959.*

For the appellant there were briefs by *Geisenfeld & Geisenfeld* of Milwaukee, and oral argument by *James R. Geisenfeld*.

For the respondent there was a brief by *Wittig & Wittig,* attorneys, and *Ralph E. Anfang* of counsel, all of Milwaukee, and oral argument by *John A. Wittig.*

MARTIN, C. J.    The action is on a garnishment bond issued on May 21, 1951, whereby the appellant bound itself to pay the sum of $3,000 to the respondent, the condition being (par. 4, complaint) :

". . . that if the Kadison Corporation shall, on demand, pay to the plaintiff the amount of any judgment recovered against Kadison Corporation by plaintiff, Edward Zrimsek, then the obligation of the bond shall be void."

The complaint further alleged that the respondent recovered a judgment against Kadison Corporation in the amount of $2,683.85, for which due demand of the Kadison Corporation was made by placing an execution in the hands of the sheriff, said execution having been returned unsatisfied; that the respondent made written demand upon the appellant for payment of said judgment and appellant refused to make payment under the terms of the bond.

Appellant alleged in its answer that the judgment of the respondent against the Kadison Corporation is void for the

reason that the Kadison Corporation was in receivership, in which proceedings an order was made prohibiting creditors from entering judgment against it, and no demand for the payment of respondent's judgment had been made of the receiver; and for the further reason that in the action of the respondent against the Kadison Corporation an order was made on October 25, 1954, dismissing said case for want of prosecution; that on November 5, 1954, an order was made vacating the dismissal order on the filing of an affidavit by respondent's attorney for the reinstatement of the case upon the trial calendar; that no notice was ever served upon the Kadison Corporation; that the October 25, 1954, order for dismissal terminated the liability of the appellant upon the bond.

Appellant's alleged defense is an attempt to collaterally attack the default judgment of the circuit court in the respondent's action against the Kadison Corporation. "Collateral" attack is an attempt to avoid, evade, or deny the force and effect of a judgment in an indirect manner and not in a direct proceeding prescribed by law and instituted for the purpose of vacating, reviewing, or annulling it. 5 Callaghan's, Bryant, Wisconsin Pleading and Practice (3d ed.), p. 373, sec. 37.97.

The general rule is stated in 49 C. J. S., Judgments, p. 792, sec. 401, as follows:

"A judgment rendered by a court having jurisdiction of the parties and the subject matter, unless reversed or annulled in some proper proceeding, is not open to contradiction or impeachment, in respect of its validity, verity, or binding effect, by parties or privies, in any collateral action or proceeding, except . . . for fraud in its procurement."

The judgment carries the presumption of validity; appellant shows no fraud in its procurement. The respondent's case against the Kadison Corporation had been noticed for trial and then dismissed without notice on the court's own

motion for want of prosecution. Ten days later, on application of the respondent, it was reinstated, also without notice. Judgment was subsequently entered. The question of the court's jurisdiction to reinstate the action was later raised by Kadison's receiver on motion to vacate the judgment, which motion was denied, citing sec. 269.28, Stats.:

"An order made out of court without notice may be vacated or modified without notice by the judge who made it. An order made upon notice shall not be modified or vacated except by the court upon notice, but the presiding judge may suspend the order, in whole or in part, during the pendency of a motion to the court to modify or vacate the order."

Appellant argues that this section was not complied with because the case was dismissed on October 25, 1954, *upon notice*. There is no merit to the argument because the fact is that no notice was given of the dismissal. Appellant confuses notice of dismissal with notice of trial. Notice of trial had been given.

In maintaining that it was released by the order of dismissal and cannot again be made liable on its bond, appellant relies, first, on *Lamonte v. Ward* (1875), 36 Wis. 558. This was a bail-bond action where the case against the principal had been dismissed and the defendant released. The action was reinstated a month later and the principal ordered to appear. His failure to appear was alleged to be a breach of the condition of the bond. This court, in holding that the sureties had been released by the first order, based its decision on the fact that in a bond of the nature there involved the sureties' right of arrest and surrender of the principal had been taken away by the order of the court and thus their liability was at an end. The case is clearly distinguishable. In the present action appellant had no such right of arrest and surrender and if none existed none was taken away. Nor does the appellant allege that it was deprived of any

right. There was no change in its position after the reinstatement and it suffered no harm because of it.

In the other case cited by appellant, *O'Brien v. Rice* (1925), 186 Wis. 523, 203 N. W. 332, an order of dismissal for want of prosecution was entered on September 18, 1922, the case having then been pending more than three terms of court. Thirteen months later the defendant applied for vacation of the order but the record showed no grounds upon which the claim for relief was based or of the reason for the *delay and apparent laches* on the part of the defendant; and the court held that the order of dismissal was improperly vacated. Here the application for reinstatement of the action was made within ten days of the dismissal; there was no such delay or lack of diligence as would adversely affect the position or the rights of the appellant.

Under the terms of the bond in this case appellant obligated itself to pay to the respondent any judgment recovered by respondent in its action against the Kadison Corporation if the corporation, on demand, did not pay the same. It is alleged in the complaint and not denied in the answer that execution issued against the corporation was returned by the sheriff unsatisfied. The appellant thereupon became liable for payment to the respondent under its bond of the amount of the judgment.

"It is clear that the surety's liability depends upon the terms of his engagement." *Banking Comm. v. National Surety Corp.* (1943), 243 Wis. 542, 545, 11 N. W. (2d) 171.

*By the Court.*—Order and judgment affirmed.