LUNDSTEN, P.J.[1]
¶1 S.D. appeals the circuit court's order terminating her parental rights to her child, R.S. S.D.'s parental rights were terminated under a three-month abandonment provision in WIS. STAT. § 48.415(1)(a)2. She argues that the circuit court erred by granting summary judgment against her because she raised genuine issues of material fact, and that the order should be vacated because she did not receive effective assistance of counsel. For the reasons that follow, I affirm.
Background
¶2 On March 1, 2017, Adams County Department of Human Services petitioned to terminate S.D.'s parental rights to R.S. The Department alleged that grounds existed for the termination of S.D.'s parental rights under WIS. STAT. § 48.415(2)(a) (i.e., continuing need of protection or services) and § 48.415(6) (i.e., failure to assume parental responsibility). On April 6, 2017, the County amended its petition to include a third ground, § 48.415(1)(a)2. (i.e., abandonment for three months or longer).
¶3 The Department moved for summary judgment on the grounds of abandonment and failure to assume parental responsibility. The circuit court held a hearing on the Department's motion on September 29, 2017. After a brief argument, the court granted summary judgment on the ground of abandonment. The court concluded that S.D. failed to sufficiently raise an issue of material fact because she did not provide specific dates in her affidavit regarding her communications about R.S. with her sister, who had physical custody of R.S., or with the case worker assigned to R.S.'s case, and due to an apparent contradiction in S.D.'s affidavit.[2]
¶4 The circuit court terminated S.D.'s parental rights, and S.D. moved for postdisposition relief, arguing that the Department was not entitled to summary judgment because she raised genuine issues of material fact regarding abandonment. In the alterative, S.D. moved for vacatur of the summary judgment on the basis of ineffective assistance of counsel. After a hearing, the court denied S.D.'s motion, concluding that she had not raised a genuine issue of material fact as to abandonment at the summary judgment stage, and that her trial counsel did not perform deficiently. S.D. appeals.
Discussion
A. The Statutory Elements for Abandonment
¶5 The abandonment grounds alleged here required the Department to prove:
That the child has been placed, or continued in a placement, outside the parent's home by a court order containing the notice required by s. 48.356(2) or 938.356(2) and the parent has failed to visit or communicate with the child for a period of 3 months or longer.
WIS. STAT. § 48.415(1)(a)2. However, once the Department has demonstrated the above, abandonment is not established if the parent proves all of the following by a preponderance of the evidence:
1. That the parent had good cause for having failed to visit with the child throughout the time period specified in par. (a)2. or 3., whichever is applicable.
2. That the parent had good cause for having failed to communicate with the child throughout the time period specified in par. (a)2. or 3., whichever is applicable.
3. If the parent proves good cause under subd. 2., including good cause based on evidence that the child's age or condition would have rendered any communication with the child meaningless, that one of the following occurred:
a. The parent communicated about the child with the person or persons who had physical custody of the child during the time period specified in par. (a)2. or 3., whichever is applicable, or, if par. (a)2. is applicable, with the agency responsible for the care of the child during the time period specified in par. (a)2.
b. The parent had good cause for having failed to communicate about the child with the person or persons who had physical custody of the child or the agency responsible for the care of the child throughout the time period specified in par. (a)2. or 3., whichever is applicable.
WIS. STAT. § 48.415(1)(c).
B. Summary Judgment
¶6 This court reviews summary judgment de novo. H&R Block E. Enters., Inc. v. Swenson , 2008 WI App 3, ¶ 11, 307 Wis. 2d 390, 745 N.W.2d 421 (2007). The burden is on the Department to show "that there is no genuine issue as to any material fact regarding the asserted grounds for unfitness, under Wis. Stat. § 48.415, and, taking into consideration the heightened burden of proof specified in Wis. Stat. § 48.31(1)." See Steven V. v. Kelley H. , 2004 WI 47, ¶ 6, 271 Wis. 2d 1, 678 N.W.2d 856 ; see also AccuWeb, Inc. v. Foley & Lardner , 2008 WI 24, ¶ 21, 308 Wis. 2d 258, 746 N.W.2d 447 ("[T]he 'burden is on the moving party to prove that there are no genuine issues of material fact.' " (quoted source omitted) ).
¶7 The court "draw[s] all reasonable inferences from the evidence in favor of the nonmoving party." H&R Block , 307 Wis. 2d 390, ¶ 11. Further, "[w]hether an inference is reasonable and whether more than one reasonable inference may be drawn are questions of law." Id.
¶8 S.D. argues that there is a genuine issue of material fact as to the abandonment ground for termination because she provided evidence that, during the three-month period alleged by the Department, she communicated with the case worker assigned to the case and with her sister, who had custody of the child. Pointing to her affidavit, S.D. identifies the following assertions as relevant to this dispute:
• "[S.D.] regularly communicated with [her sister, L.H.] regarding [R.S.], asking [L.H.] how [R.S.] was doing, asking [L.H.] to give [R.S.] hugs and kisses, and asking [L.H.] to allow [S.D.] to see [R.S.]."
• "Between January and March of 2017, [S.D.] did not see [R.S.], as [S.D.] knew that [she] would be arrested for a bogus probation hold, which was terminated in March of 2017."
• "Between January and March of 2017, [S.D.] left messages for the Social Worker asking to see [R.S.]."
¶9 S.D.'s focus on communication with L.H. and the case worker is misplaced, as she fails to assert two required elements-good cause for failing to visit with the child and good cause for failing to communicate with the child throughout the relevant time period. See WIS. STAT. § 48.415(1)(c)1.-2. First, S.D. seems to assume that the "bogus probation hold" assertion in her affidavit constitutes good cause for failing to visit with R.S. She provides no analysis or citation to support her position that avoiding the risk of arrest, wrongful or not, constitutes good cause in a termination of parental rights proceeding for failing to visit with one's child. In short, S.D.'s argument is undeveloped.
¶10 In addition, S.D. does not argue that she had good cause for failing to communicate with R.S. And although the record reflects that R.S. was under eighteen months old at the time of the alleged period of abandonment, S.D. does not contend that R.S.'s age or condition would have rendered any communication with R.S. meaningless. Nor does she allege that she failed to communicate with R.S. because she believed R.S.'s age would render the communication meaningless. Without proving she had good cause for her failure to visit and communicate with R.S., or at least alleging as much, S.D.'s allegations regarding her attempts to communicate with L.H. and with the case worker are irrelevant.
¶11 S.D. also argues that summary judgment was inappropriate due to the fact-intensive nature of the abandonment grounds. In Steven V. , our supreme court held: "[P]artial summary judgment may be granted in the unfitness phase [i.e., the grounds phase] of a TPR case where the moving party establishes that there is no genuine issue as to any material fact regarding the asserted grounds for unfitness under Wis. Stat. § 48.415, and, taking into consideration the heightened burden of proof specified in Wis. Stat. § 48.31(1)...." Steven V. , 271 Wis. 2d 1, ¶ 6.
¶12 However, the court also cautioned that summary judgment will "ordinarily be inappropriate" when it comes to grounds that "involve the adjudication of parental conduct vis-à-vis the child":
In many TPR cases, the determination of parental unfitness will require the resolution of factual disputes by a court or jury at the fact-finding hearing, because the alleged grounds for unfitness involve the adjudication of parental conduct vis-à-vis the child. See Wis. Stat. § 48.415(1) (abandonment); Wis. Stat. § 48.415(2) (child in continuing need of protection or services); Wis. Stat. § 48.415(3) (continuing parental disability); Wis. Stat. § 48.415(5) (child abuse); Wis. Stat. § 48.415(6) (failure to assume parental responsibility); Wis. Stat. § 48.415(7) (incestuous parenthood). Summary judgment will ordinarily be inappropriate in TPR cases premised on these fact-intensive grounds for parental unfitness.
Id. , ¶36; see also State v. Bobby G. , 2007 WI 77, ¶ 40, 301 Wis. 2d 531, 734 N.W.2d 81. At the same time, the court made clear that, regardless of the ground, courts must decide whether summary judgment is proper on a case-by-case basis:
We do not mean to imply that the general categorization of statutory grounds ... represent a definitive statement about the propriety of summary judgment in any particular case. The propriety of summary judgment is determined case-by-case.
Steven V. , 271 Wis. 2d 1, ¶ 37 n.4 ; see also Bobby G. , 301 Wis. 2d 531, ¶ 40. Although many termination of parental rights cases are not amenable to resolution on summary judgment, this case is.
C. Ineffective Assistance of Counsel
¶13 Next, S.D. argues that her trial counsel provided ineffective assistance in four respects. First, counsel failed to narrow the alleged period of abandonment with information contained in the Department's pleadings. Second, counsel failed to use facts from discovery documents to show that S.D. had good cause for not visiting R.S. on two specific dates. Third, counsel failed to use facts from discovery documents to show that S.D. met with the case worker on December 29, 2016, and left voicemails on specific dates. Fourth, counsel withheld information from the court because counsel prejudged S.D.'s credibility.
¶14 Ineffective-assistance-of-counsel claims in a termination of parental rights proceeding are analyzed using the two-part test described in Strickland v. Washington , 466 U.S. 668, 687 (1984). See Oneida Cty. Dep't of Soc. Servs. v. Nicole W. , 2007 WI 30, ¶ 33, 299 Wis. 2d 637, 728 N.W.2d 652. To obtain relief based on ineffective assistance of counsel, S.D. has the burden to show both deficient performance and prejudice. See Strickland , 466 U.S. at 687. If S.D.'s argument falls short with respect to either deficient performance or prejudice, her claim of ineffective assistance fails. See State v. Smith , 2003 WI App 234, ¶ 15, 268 Wis. 2d 138, 671 N.W.2d 854 ("A court need not address both components of this inquiry if the defendant does not make a sufficient showing on one.").
¶15 "To establish prejudice, the defendant must show there is a reasonable probability that, but for counsel's error(s), the result of the trial would have been different. A reasonable probability is one sufficient to undermine confidence in the outcome." State v. Roberson , 2006 WI 80, ¶ 29, 292 Wis. 2d 280, 717 N.W.2d 111.
1. Failure to Narrow the Alleged Period of Abandonment
¶16 S.D. first contends that her trial counsel was ineffective because counsel failed to narrow the alleged period of abandonment. Specifically, the circuit court stated that the abandonment period began on December 27, 2016, and ended on April 5, 2017, but the Department's petition stated that the abandonment period ended on March 27, 2017.
¶17 S.D. argues that it was trial counsel's duty to bring the "abridged dates" to the attention of the court, and that the actual period of abandonment should have ended on March 26, 2017, the day before S.D. met with the case worker. Therefore, she contends that the period of abandonment could be calculated as less than three months. She also contends that the resulting time period "is balanced so precariously that a jury finding a single fact in S.D.'s favor would defeat [the Department]'s allegation of abandonment."
¶18 S.D.'s argument fails for two reasons. First, she does not explain why it matters whether the period of abandonment should have ended the day before she met with the case worker, when, as S.D. implicitly concedes, the statute requires a finding that "the parent has failed to visit or communicate with the child. " WIS. STAT. § 48.415(1)(a)2. (emphasis added). Second, S.D. does not demonstrate that the abandonment period, however she calculates it, was actually less than three months, only that it "could be calculated as less than three months." S.D. does not explain how this time period could be calculated as less than three months. Therefore, she does not show that the result would have been different had her trial counsel contested the dates that were stated by the circuit court.
2. Failure to Argue that S.D. Had Good Cause for Missing Two Visits
¶19 Next, S.D. argues that her trial counsel was ineffective because counsel failed to show that S.D. had good cause for missing two visits, on December 29, 2016, and January 2, 2017, when case notes demonstrated that S.D. gave explanations to the case worker for missing the visits. S.D. argues that R.S.'s case file contained the following:
• A note dated December 30, 2016, which stated that S.D. called to say that she needed to cancel her visit because she had the flu and did not want R.S. to get sick.
• A note dated January 3, 2017, documenting a call from L.H., in which L.H. reported that she went to pick S.D. up and S.D. never came out of her home, and that L.H. did not go and knock on the door but waited fifteen to twenty minutes after the scheduled time before she left. S.D. later contacted L.H. through their mother to apologize for missing her visit because she had dozed off.[3]
¶20 Regardless of whether trial counsel was deficient in this respect, S.D. cannot show prejudice because raising a factual dispute as to good cause for missing visits on two dates would not change the outcome of the summary judgment motion. Once a three-month period of abandonment has been established, it is the parent's burden to demonstrate good cause for failing to visit "throughout the time period specified." WIS. STAT. § 48.415(1)(c)1. (emphasis added). S.D. does not explain why two instances of missed visits at the beginning of the time period alleged, December 29, 2016, and January 2, 2017, would have raised a genuine issue of material fact as to good cause for failing to visit R.S. throughout the time period alleged, when the Department alleged in the amended petition that the period of abandonment lasted until March 27, 2017.
3. Failure to Show that S.D. Met with the Case Worker and Left Voicemails
¶21 S.D. next argues that case notes provided in the Department's summary judgment materials show that S.D. called the case worker and left voicemails asking to see R.S. on March 2, 2017, and that she also left voicemails on March 7 and March 13, 2017. S.D. argues that this evidence raises a question of fact about "contact." However, S.D. does not explain what she means by "contact." Because she references attempts to contact the case worker, it appears she is arguing that the voicemails raise a genuine issue of material fact as to communication with the case worker.
¶22 S.D. also contends that a note dated December 29, 2016, which did not appear in the Department's summary judgment materials, documents a meeting with the case worker. She argues that this note raises an issue of material fact as to communication with the case worker.
¶23 Setting aside whether trial counsel's failure to raise these facts constitutes deficient performance, S.D. cannot demonstrate that she was prejudiced by counsel's performance in this regard. The issue of communication with the case worker is relevant only if S.D. shows good cause for failing to communicate with R.S. throughout the period of abandonment, and S.D. does not argue that she had good cause for failing to communicate with R.S. Moreover, S.D. must also show good cause throughout the period of abandonment for having failed to visit with R.S., which she does not demonstrate. Therefore, S.D.'s ineffective assistance argument fails in this respect.
4. Prejudging S.D.'s Credibility
¶24 S.D. argues that her trial counsel performed deficiently when counsel "prejudged an issue of credibility." S.D. points to a passage from the postdisposition hearing transcript in which her trial counsel testified as to counsel's decisions related to the missed visits in late December 2016 and early January 2017:
Q Okay. Let's talk about the viability of the argument about her having the flu and then [L.H.], caretaker, not coming to the door. You said that you didn't think that that was a viable argument for good cause?
A I believe I put in the affidavit the information about her sister not coming to the door. I don't recall if I referenced it by date specifically, but it was specifically by date in the [Department]'s motion. So I was referencing that in response to that in the affidavit.
As far as her having the flu, I couldn't find confirmation for that. And [S.D.] didn't indicate that to me when we talked specifically about the dates and why she would have missed those appointments. If that had been the case, I would have assumed she would have brought that to my attention when I met with her.
Q But they were in the social worker's notes that you reviewed?
A Sure, sure.
Q So are you saying that really what you're talking about is perhaps [S.D.]'s credibility would be in question if there were no further evidence?
A That would have been my concern, and that was my concern, which is why I attempted to get information from various sources --
Q Okay.
A -- including [S.D.], and she did not give it to me personally.
¶25 S.D. also highlights trial counsel's testimony regarding evidence of S.D. sending text messages to L.H.:
Q Okay. And then let's turn to the texts. And I know you tried to get the actual texts, right?
A Yes, and communication logs, mm-hmm.
Q Okay. Did you try to get the time frame in which these texts were sent?
A I did. I requested that of [S.D.]. She didn't know the specific times. She just knew that it was in that January-to-March time frame that she had communicated with her sister, she claims, about [R.S.].
Q Okay. But there was no further evidence; is that correct?
A She gave me nothing else and I had no way to get it, even though I had her sign releases and attempted to.
Q So, once again, it comes down [to] a question about her credibility when there's nothing to corroborate it; is that correct?
A In that regard, I asked her for it. And I also put it in the affidavit that she had communicated. I didn't say specifically which way, but she indicated to me that she had, and so I put that in there.
¶26 S.D. argues that the above testimony shows that trial counsel prejudged matters of S.D.'s credibility. She further contends that, as a result, trial counsel included in S.D.'s response motion and affidavit: (1) "No mention of specific dates when S.D. had good cause for not visiting with R.S. although the dates were provided in the case worker notes and could have been used in trial counsel's response" and (2) "Only the vaguest of mentions that S.D. regularly communicated with L.H., despite S.D. having informed [counsel] that it was by text and during the alleged period of abandonment."
¶27 As to S.D.'s argument related to the missed visits, trial counsel testified that S.D. did not inform her of having been sick with the flu on one occasion; therefore, counsel did not perform deficiently when counsel failed to include such a fact in S.D.'s affidavit. S.D. cannot argue that trial counsel should have suggested S.D. should aver a fact that S.D. did not herself assert. In addition, it appears from the portion of the transcript that S.D. cites that trial counsel was looking for confirmation of S.D.'s illness from S.D. herself. Therefore, trial counsel was not "prejudging" S.D.'s credibility, only the credibility of the case worker's note.
¶28 Moreover, as I concluded above, regardless of counsel's reason for doing so, S.D. cannot show prejudice on the basis of trial counsel omitting these facts. Had counsel included the facts that S.D. now argues counsel should have included, the outcome of the summary judgment motion would have been the same because S.D. did not assert good cause for failing to visit with R.S. throughout the three-month period of abandonment alleged by the Department.
Conclusion
¶29 For the reasons stated, I affirm the order terminating S.D.'s parental rights to R.S.
By the Court. -Order affirmed.
This opinion will not be published. WIS. STAT. RULE 809.23(1)(b)4.

This appeal is decided by one judge pursuant to Wis. Stat. § 752.31(2)(e) (2015-16). All references to the Wisconsin Statutes are to the 2015-16 version unless otherwise noted.

I do not rely on the reasons given by the circuit court, but agree nonetheless that there is no genuine issue of material fact preventing summary judgment.

These facts appear without citation to the record in S.D.'s appellate brief. S.D. contends, again without citation to the record, that trial counsel testified that counsel had reviewed these notes prior to the hearing on the Department's motion for summary judgment.