SHERMAN, J.[1]
¶1 B.S. appeals orders in two cases that were tried together that involuntarily terminate his parental rights to G.S. In circuit court case number 2016TP12, the circuit court ordered that B.S.'s parental rights are terminated on the ground that G.S. is a child in continuing need of protection and services (continuing CHIPS). See WIS. STAT. § 48.415(2). In circuit court case number 2016TP12A, the circuit court ordered that B.S.'s parental rights are terminated on the ground of continuing denial of periods of physical placement or visitation. See § 48.415(4). B.S.'s appeal concerns the grounds phase of the proceedings. Specifically, B.S. challenges the circuit court's determination that grounds exist for continuing CHIPS. B.S. argues he received ineffective assistance of counsel at the trial on that ground, and contends that the circuit court should have held an evidentiary hearing on the effectiveness of his trial counsel. B.S. also challenges the court's determination on summary judgment that grounds exist for continuing denial of periods of physical placement or visitation, arguing that the summary judgment submissions do not establish that he received proper notice under WIS. STAT. § 48.356(2). For the reasons explained below, I affirm.
BACKGROUND
¶2 In June 2015, G.S. was found to be in need of protection and services. On August 5, 2015, a dispositional order was entered placing G.S. outside the home, and conditions were set for the return of G.S. to B.S.'s custody. On October 27, 2015, the circuit court entered an order suspending visitation between B.S. and G.S. until certain specified conditions were met by B.S., and on November 16, 2015, B.S. was provided a document entitled "Notice Concerning Grounds to Terminate Parental Rights," which indicated continuing CHIPS as a possible ground for termination.
¶3 On March 29, 2016, the circuit court entered a revised dispositional order and B.S. was provided with another "Notice Concerning Grounds to Terminate Parental Rights." Checked on that Notice as a possible ground for termination was continuing CHIPS.
¶4 On May 3, 2016, Monroe County filed a petition for termination of B.S.'s parental rights to G.S. in circuit court case number 2016TP12. The May 2016 petition alleged continuing CHIPS as the sole ground for termination of B.S.'s parental rights. See WIS. STAT. § 48.415(2).
¶5 On May 10, 2016, the circuit court entered an order changing placement for G.S., and B.S. was provided with another "Notice Concerning Grounds to Terminate Parental Rights." The May 10 notice indicates continuing CHIPS and the continuing denial of periods of physical placement or visitation as possible grounds for terminating B.S.'s parental rights.
¶6 On November 10, 2016, the County filed case number 2016TP12A in circuit court, another petition for termination of B.S.'s parental rights to G.S. The November 2016 petition alleged as ground for termination the continuing denial of periods of physical placement or visitation. See WIS. STAT. § 48.415(4).
¶7 In December 2016, the County moved for summary judgment on the November 2016 petition for termination of parental rights in case number 2016TP12A, which alleged continuing denial of periods of physical placement or visitation as the ground for termination. Following a hearing on the County's motion, the circuit court entered an order which stated that the facts supported the County's motion for summary judgment, but that the court would withhold entering a judgment on the summary judgment motion until trial was held in case number 2016TP12 on whether continuing CHIPS was established as a ground for termination of B.S.'s parental rights "so that the Court ha[d] the determination in those matters when" making its determination as to whether terminating B.S.'s parental rights was in G.S.'s best interest.
¶8 On July 18, 2017, an order of appearance was entered ordering B.S. to appear for all circuit court proceedings unless excused by the court. A trial on the continuing CHIPS ground as to B.S. was held in conjunction with a trial on the issue of grounds for terminating the parental rights of G.S.'s mother. B.S. failed to appear at the first day of trial. B.S.'s trial attorney indicated to the circuit court that he was uncertain if B.S. intended on appearing at trial, and a hearing was scheduled for the second day of trial to address a possible default determination on the continuing CHIPS ground for terminating B.S.'s parental rights. The court directed B.S.'s trial attorney to contact B.S. and to make B.S. aware of the potential for a default judgment. The first day of trial continued and testimony was given by G.S.'s social worker.
¶9 B.S. did not appear at the second day of trial. B.S.'s trial attorney advised the circuit court:
I tried to call [B.S.] ... six times overall....
Unfortunately, [B.S.] didn't pick up. He does have a voice mail set up. So I wasn't able to speak with [B.S.] either yesterday or this morning, although ... I did talk to [B.S.] on Monday night. He did indicate that he was intentionally not appearing at the trial.
¶10 The circuit court found that B.S. was in "default" and, after considering the evidence, found that the County had set forth sufficient evidence to establish continuing CHIPS. The court found that G.S. was adjudged to be in need of protection and services and had been placed outside the home for eighteen months. The court found that notice under WIS. STAT. § 48.356(2) had been given to B.S. on "multiple occasions," that the County had made "reasonable efforts to provide the services ordered by the Court," and that B.S. had not met the conditions of return and was not likely to do so within the next nine months. At that time, the circuit court also issued an oral ruling granting summary judgment on grounds (continuing denial of periods of physical placement or visitation) in case number 2016TP12A.
¶11 A hearing on disposition for both 2016TP12 and 2016TP12A was subsequently held, after which the circuit court determined that terminating B.S.'s parental rights was in G.S.'s best interest in both 2016TP12 and 2016TP12A. An order terminating B.S.'s parental rights to G.S. was entered by the court in case number 2016TP12 on the ground of continuing CHIPS, and an order terminating B.S.'s parental rights was entered in case number 2016TP12A on the ground of continuing denial of periods of physical placement or visitation.
¶12 B.S. filed a notice of appeal and a motion to remand to the circuit court to make factual findings as to whether B.S.'s trial counsel was ineffective. This court granted B.S.'s motion to remand, and ordered that within sixty days, the court "hear and decide" those issues B.S. intended to raise on appeal.
¶13 In a post-remand motion, B.S. argued that the orders terminating his parental rights to G.S. should be vacated because his trial counsel was ineffective. Relevant on appeal, B.S. alleged that he did not receive proper notice in case number 2016TP12A concerning the possible termination of his parental rights on the ground of continuing denial of periods of physical placement or visitation, and that his trial counsel was ineffective for failing to challenge summary judgment on that basis. B.S. also alleged that his trial counsel was ineffective for advising B.S. not to appear at trial on the continuing CHIPS ground for terminating his parental rights to G.S. The circuit court found, without holding an evidentiary finding hearing, that B.S.'s trial counsel's performance was not deficient and that B.S. was not prejudiced by counsel's performance.
¶14 Additional facts are set forth below where necessary.
DISCUSSION
¶15 "Wisconsin has a two-part statutory procedure for the involuntary termination of parental rights." Steven V. v. Kelley H. , 2004 WI 47, ¶24, 271 Wis. 2d 1, 678 N.W.2d 856. In the first phase, or the grounds phase, the petitioner must prove by clear and convincing evidence that one or more of the grounds for termination of parental rights enumerated in WIS. STAT. § 48.415 exist. Id. If the circuit court or jury find that grounds exist, "the court shall find the parent unfit." Tammy W-G. v. Jacob T. , 2011 WI 30, ¶18, 333 Wis. 2d 273, 797 N.W.2d 854 (quoted source omitted). If the court or jury finds that grounds for termination of parental rights have been proven and the court has made a finding of unfitness, the case proceeds to the second phase of the involuntary termination proceeding where the court holds a dispositional hearing to determine whether termination of the parent's parental rights is in the child's best interest. Id. , ¶19.
¶16 This appeal concerns the first, or grounds phase, of the proceeding. B.S. challenges the circuit court's determination that the County established both continuing CHIPS and continuing denial of periods of physical placement or visitation grounds for terminating his parental rights. As to the court's continuing CHIPS determination, B.S. contends that his trial counsel was ineffective at the trial held on this ground, and that on remand by this court, the circuit court should have held an evidentiary hearing on the effectiveness of his trial counsel. As to the court's determination that the County established on summary judgment the ground of continuing denial of periods of physical placement or visitation, B.S. contends that the court erred in granting summary judgment because the summary judgment submissions failed to establish that he was provided proper written notice under WIS. STAT. § 48.356(2).
¶17 Before I address B.S.'s arguments, I must clarify the posture of this case. This case involves two separate petitions to terminate B.S.'s parental rights, one on the ground of continuing CHIPS (circuit case number 2016TP12), and one on the ground of continuing denial of periods of physical placement or visitation (case number 2016TP12A), and separate orders terminating B.S.'s parental rights on each of those grounds. B.S.'s arguments relating to the propriety of summary judgment on the ground of continuing denial of periods of physical placement or visitation can only impact the order terminating B.S.'s parental rights on that ground. B.S.'s arguments relating to ineffective assistance of counsel at trial on the ground of continuing CHIPS can only impact the order terminating B.S.'s parental rights on that ground. Although B.S. conflates the two orders terminating his parental rights, this court cannot do so. Each order of termination is separate and distinct from the other and must be considered on its own merits. If grounds for termination was properly determined as to one petition, this court need not address whether grounds for termination was properly determined as to the other petition.
A. Effectiveness of B.S.'s Trial Counsel and Requirement of a Hearing on that Issue.
¶18 B.S. contends that the circuit court erred in failing to determine that his trial counsel was ineffective at the trial on the ground of continuing CHIPS, and that before making that determination, the circuit court was required to, but did not, hold an evidentiary hearing on the effectiveness of his trial counsel. I address first B.S.'s contention that the circuit court was required to hold an evidentiary hearing.
¶19 B.S. argues that WIS. STAT. § 809.107(6)(am) mandates that the circuit court hold an evidentiary hearing on the effectiveness of a parent's trial counsel upon remand by this court, and that the circuit court in this case erred in failing to do so. B.S. is incorrect.
¶20 "The goal of statutory interpretation is to ascertain and give effect to the intent of the legislature." Lake City Corp. v. City of Mequon , 207 Wis. 2d 155, 162, 558 N.W.2d 100 (1997). To achieve this goal, we first look to the plain language of the statute itself. Id. "Statutory language is given its common, ordinary, and accepted meaning, except that technical or specially-defined words or phrases are given their technical or special definitional meaning." State ex rel. Kalal v. Circuit Court for Dane Cty. , 2004 WI 58, ¶45, 271 Wis. 2d 633, 681 N.W.2d 110. If a meaning of a statute is clear from its language, we are prohibited from looking beyond such language to ascertain its meaning. Lake City Corp. , 207 Wis. 2d at 163 ; see also Kalal , 271 Wis. 2d 633, ¶45 (stating "if the meaning of the statute is plain, we ordinarily stop [our] inquiry.")
¶21 WISCONSIN STAT. § 809.107 addresses "[a]ppeals in proceedings related to termination of parental rights." Section 809.107(6)(am) permits an appellant to seek remand from this court for fact-finding on issues outside the record. That section provides:
If the appellant intends to appeal on any ground that may require postjudgment fact-finding, the appellant shall file a motion in the court of appeals, within 15 days after the filing of the record on appeal, raising the issue and requesting that the court of appeals retain jurisdiction over the appeal and remand to the circuit court to hear and decide the issue.... If the court of appeals grants the motion for remand, it shall set time limits for the circuit court to hear and decide the issue , for the appellant to request transcripts of the hearing, and for the court reporter to file and serve the transcript of the hearing. The court of appeals shall extend the time limit under par. (a) for the appellant to file a brief presenting all grounds for relief in the pending appeal.
Section 809.107(6)(am) (emphasis added).
¶22 Nothing in the plain language of WIS. STAT. § 809.107(6)(am) requires that the circuit court hold an evidentiary hearing upon remand by this court. All the statute requires is that if this court grants a motion for remand in a termination of parental rights (TPR) proceeding, this court "shall set time limits for the circuit court to hear and decide " any issue that "may require postjudgment fact-finding ." Sec. 809.107(6)(am) (emphasis added). Nothing in the plain language of the statute can be construed as a mandatory directive that the circuit court hold an evidentiary hearing.
¶23 B.S. devotes a substantial portion of his argument on why a fact-finding hearing should always be required on a postjudgment motion in a TPR proceeding, although such a hearing is not always required in criminal proceedings. See State v. Bentley , 201 Wis. 2d 303, 310, 548 N.W.2d 50 (1996) (holding that an evidentiary hearing is required if a criminal defendant's postjudgment motion alleging ineffective assistance of counsel on its face alleges facts that would entitle a defendant to relief, but that a circuit court has discretion to hold a hearing if the motion fails to allege sufficient facts). However, it is for the legislature to make policy choices, and this court's job is simply to apply a statute as written and not as this court thinks the statute should have been written. See Columbus Park Housing Corp. v. City of Kenosha , 2003 WI 143, ¶34, 267 Wis. 2d 59, 671 N.W.2d 633 ; City of Sun Prairie v. Davis , 226 Wis. 2d 738, 755, 595 N.W.2d 635 (1999).
¶24 B.S. does not argue on appeal that his post-remand motion alleged facts sufficient to raise a question of fact necessitating an evidentiary hearing, nor does he present any other arguments supporting his contention that the circuit court erred in failing to hold an evidentiary hearing. Accordingly, I conclude that B.S.'s contention that the circuit court erred in failing to hold an evidentiary hearing on his post-remand motion is without merit.
¶25 Having determined that the circuit court was not required to hold an evidentiary hearing, I now turn to the question of whether the circuit court erred in determining that B.S.'s trial counsel was not ineffective at the trial on the continuing CHIPS ground for terminating B.S.'s parental rights.
¶26 A parent in a termination of parental rights proceeding has a right to the effective assistance of counsel. Oneida Cty. Dep't of Social Servs. v. Nicole W. , 2007 WI 30, ¶33, 299 Wis. 2d 637, 728 N.W.2d 652. Whether counsel's actions constitute ineffective assistance of counsel presents a mixed question of fact and law. State v. Pitsch , 124 Wis. 2d 628, 633-34, 369 N.W.2d 711 (1985). An appellate court will not reverse the circuit court's factual findings unless they are clearly erroneous. Id. at 634. However, whether counsel's conduct constituted ineffective assistance is a question of law, which we decide de novo. Id.
¶27 An ineffective assistance of counsel claim in a termination of parental rights proceeding is analyzed under the two-part test set forth in Strickland v. Washington , 466 U.S. 668 (1984). See Nicole W. , 299 Wis. 2d 637, ¶33. To show ineffective assistance of counsel, a parent must demonstrate both that counsel's performance was deficient and that the deficient performance prejudiced the parent's defense. See Strickland , 466 U.S. at 687. If a parent fails to make a sufficient showing as to either deficient performance or prejudice, an appellate court need not address whether the other prong was established. See id. at 697.
¶28 To show prejudice, B.S. must show that his trial counsel's alleged errors actually had some adverse effect on the outcome. Id. at 693. B.S. cannot meet this burden by simply showing that an error had some conceivable effect on the outcome. Id. Instead, B.S. must show that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.
¶29 Other than asserting in conclusory fashion that "[t]he prejudice in advising [him] to not appear ... was extreme," and that counsel's advice "was akin to denying him the right to counsel which is prejudicial per se," B.S. does not develop an argument as to how or why the result of the proceeding would have been different but for counsel's advice. In particular, B.S. does not assert that his presence at trial would have resulted in the presentation of a viable defense. Accordingly, I conclude that B.S. has not shown that he was prejudiced by counsel's performance and has, thus, failed to establish that he received ineffective assistance of counsel as to the continuing CHIPS ground for terminating his parental rights.
B. Summary Judgment
¶30 B.S. contends that the order terminating his parental rights on the ground of continuing denial of periods of physical placement or visitation (trial case number 2016TP12A) should be reversed because the circuit court erred in granting summary judgment in favor of the County at the grounds phase in that case. B.S. argues that summary judgment was not proper because the summary judgment submissions do not establish that he received sufficient notice under WIS. STAT. § 48.356(2) of possible termination of his parental rights on the ground of continuing denial of periods of physical placement or visitation.
¶31 As explained above in ¶17, two separate petitions to terminate B.S.'s parental rights were filed by the County-one alleging as grounds the continuing denial of periods of physical placement and visitation, and one alleging as grounds continuing CHIPS-and separate orders terminating B.S.'s parental rights to G.S. on each of those grounds was entered by the circuit court. I have rejected B.S.'s sole challenge to the order terminating B.S.'s parental rights on the continuing CHIPS ground and B.S. has not argued that the circuit court erred in concluding on disposition that terminating his parental rights was in G.S.'s best interest. Even if B.S. is correct that summary judgment on the ground of continuing denial of periods of physical placement or visitation was not proper, it would not change the fact that B.S.'s rights to G.S. have been properly terminated on the ground of continuing CHIPS. Accordingly, I do not address B.S.'s summary judgment argument. See Cholvin v. Wisconsin Dep't of Health and Family Servs. , 2008 WI App 127, ¶34, 313 Wis. 2d 749, 758 N.W.2d 118 (if a decision on one point disposes of the appeal, an appellate court will not decide other issues raised).
CONCLUSION
¶32 For the reasons discussed above, this court affirms.
By the Court. -Orders affirmed.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)4.

This appeal is decided by one judge pursuant to Wis. Stat. § 752.31(2)(e) (2015-16). All references to the Wisconsin Statutes are to the 2015-16 version unless otherwise noted.