FITZPATRICK, J.[1]
¶1 S.G.M. appeals orders of the Juneau County Circuit Court granting partial summary judgment in favor of the Juneau County Department of Human Services (the County) and orders terminating his parental rights to A.M., S.J.M., K.M., and R.M. The circuit court found S.G.M. unfit under WIS. STAT. § 48.415(4) based on the ground of continuing denial of visitation. In support of its motions for partial summary judgment, the County attached as exhibits various orders of the circuit court which revised the "Child in Need of Protection or Services" (CHIPS) dispositional orders[2] in each case and suspended S.G.M.'s visitation. S.G.M. argues that the County failed to comply with the statutory requirements for summary judgment because no affidavit accompanied the revision orders which suspended visitation. Additionally, S.G.M. contends that the County is not entitled to summary judgment because the revision orders suspended visitation pursuant to WIS. STAT. § 48.355(3) and, therefore, do not satisfy the requirements of the pertinent grounds statute. See § 48.415(4)(a). Because I conclude that the County complied with summary judgment procedure and the orders suspending visitation were revision orders under WIS. STAT. § 48.363, I affirm the orders of the circuit court granting partial summary judgment in favor of the County and terminating S.G.M.'s parental rights.
BACKGROUND
¶2 The following facts are undisputed.
¶3 In June 2015, the circuit court adjudged A.M., S.J.M., K.M., and R.M. to be in need of protection or services (CHIPS) based on findings of abuse and neglect. WIS. STAT. § 48.13(3) and (10). Each child was placed outside of the home, and the circuit court prohibited unsupervised contact by S.G.M. with the children without the County's approval. Each CHIPS dispositional order identified conditions for return and provided notice concerning grounds to terminate parental rights pursuant to WIS. STAT. § 48.356(2).
¶4 In April 2017, the circuit court entered orders revising the CHIPS dispositional orders. Each multi-page revision order contained the following pertinent language: "[The court orders] [t]hat face-to-face and telephonic visitation between the ... child and ... [S.G.M.] is suspended pursuant to [ WIS. STAT. §] 48.355(3) ...." Additionally, each revision order identified conditions for return and reinstatement of visitation and provided notice concerning grounds to terminate parental rights pursuant to WIS. STAT. § 48.356(2). The revised CHIPS dispositional orders suspending visitation were not modified to permit periods of visitation and remained unmodified for a period greater than one year. See WIS. STAT. § 48.415(4)(b).
¶5 In June 2018, the County filed petitions to terminate S.G.M.'s rights to A.M., S.J.M., K.M., and R.M. In each petition, the County alleged that grounds existed for involuntary termination of S.G.M.'s parental rights under WIS. STAT. § 48.415(2), (4), (5)(b), and (6), based on continuing need of protection or services ("continuing CHIPS"), continuing denial of visitation, child abuse, and failure to assume parental responsibility, respectively. Attached to each petition was the sworn statement of a social worker "familiar with the records and files" concerning each child. The social worker stated that the circuit court had entered revised CHIPS dispositional orders suspending visitation, establishing conditions for the reinstatement of visitation, and containing the required warnings under WIS. STAT. § 48.356(2). Further, the social worker stated that the revised CHIPS dispositional orders had remained in effect without modification for more than one year. See § 48.415(4)(b). The petition did not attach copies of the revised CHIPS dispositional orders to which the social worker referred.
¶6 In November 2018, the County filed a motion for partial summary judgment based on each of the alleged grounds. The County supported the motion with affidavits and exhibits. The exhibits included copies of the revised CHIPS dispositional orders certified by the Juneau County Register in Probate to which the social worker's sworn statement in the petition had referred.
¶7 In December 2018, the circuit court determined that genuine issues of fact precluded summary judgment on the continuing CHIPS, child abuse, and failure to assume parental responsibility grounds. The circuit court granted partial summary judgment in favor of the County regarding each child and found S.G.M. unfit under WIS. STAT. § 48.415(4) based on the continuing denial of visitation ground. At a later dispositional hearing, the court terminated S.G.M.'s parental rights to A.M., S.J.M., K.M., and R.M.
¶8 S.G.M. appeals.
DISCUSSION
¶9 S.G.M. does not challenge the circuit court's discretionary determination at the dispositional phase that the best interests of each child are served by the termination of his parental rights. Instead, S.G.M. argues that partial summary judgment should not have been granted because the certified copies of the revised CHIPS dispositional orders were not attached to an affidavit. S.G.M. additionally argues that partial summary judgment should not have been granted because the revision orders suspended visitation pursuant to only WIS. STAT. § 48.355(3), and § 48.355 is not enumerated as a statutory basis to terminate parental rights in WIS. STAT. § 48.415(4)(a).
¶10 The orders of the circuit court are affirmed. I conclude that the County followed required summary judgment procedure. Further, I conclude that the revision orders suspending visitation were orders under WIS. STAT. § 48.363, a statutory basis for the termination of parental rights enumerated in WIS. STAT. § 48.415(4)(a).
I. Standard of Review and Summary Judgment Methodology.
¶11 S.G.M.'s first argument concerns whether the circuit court erred in granting summary judgment to the County because the County did not attach the certified copies of the revised CHIPS dispositional orders to an affidavit. See WIS. STAT. § 802.08(2) and (3). This court reviews a grant of summary judgment independently, applying the same methodology as the circuit court. Oneida Cty. Dep't of Soc. Servs. v. Nicole W. , 2007 WI 30, ¶8, 299 Wis. 2d 637, 728 N.W.2d 652. Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Id. ; § 802.08(2). "[S]ummary judgment may be employed in the grounds phase of a termination of parental rights proceeding when there is no genuine factual dispute that would preclude finding one or more of the statutory grounds by clear and convincing evidence." Nicole W. , 299 Wis. 2d 637, ¶14.
¶12 S.G.M. next contends that the circuit court erred in granting summary judgment because the County failed to meet its burden to show that the revision orders suspending visitation satisfied WIS. STAT. § 48.415(4)(a). This argument rests upon "[t]he interpretation and application of a statute to an undisputed set of facts," which is a question of law subject to de novo review. Estate of Genrich v. OHIC Ins. Co. , 2009 WI 67, ¶10, 318 Wis. 2d 553, 769 N.W.2d 481 (quoting McNeil v. Hansen , 2007 WI 56, ¶7, 300 Wis. 2d 358, 731 N.W.2d 273 ).
II. Interpretation of Statutes.
¶13 "[S]tatutory interpretation 'begins with the language of the statute. If the meaning of the statute is plain, we ordinarily stop the inquiry.' " State ex rel. Kalal v. Circuit Court for Dane Cty. , 2004 WI 58, ¶45, 271 Wis. 2d 633, 681 N.W.2d 110 (quoting Seider v. O'Connell , 2000 WI 76, ¶43, 236 Wis. 2d 211, 612 N.W.2d 659 ). This court assigns to statutory language its "common, ordinary, and accepted meaning." Id.
¶14 Context is important in the analysis, as is the structure in which the operative statutory language appears. Id. , ¶46. Accordingly, "statutory language is interpreted in the context in which it is used; not in isolation but as part of a whole; in relation to the language of surrounding or closely-related statutes; and reasonably, to avoid absurd or unreasonable results." Id.
III. Involuntary Termination of Parental Rights.
¶15 The Wisconsin Children's Code, WIS. STAT. ch. 48, sets out two steps during an involuntary termination of parental rights proceeding - a grounds or unfitness phase and a disposition phase. Nicole W. , 299 Wis. 2d 637, ¶11. During the grounds phase, the circuit court must "determine ... [w]hether grounds exist for the termination of parental rights." WIS. STAT. § 48.424(1)(a).
¶16 "While the legislative objective of the Children's Code is to promote the best interests of the child, the parent's rights are a court's central focus during the grounds phase" and, accordingly, the Children's Code "reflects constitutional safeguards." Nicole W. , 299 Wis. 2d 637, ¶¶11-12. Thus, "[t]he petitioner must prove the allegations [supporting grounds for termination] by clear and convincing evidence." Id. , ¶12 (alteration in original) (quoting Evelyn C. R. v. Tykila S. , 2001 WI 110, ¶22, 246 Wis. 2d 1, 629 N.W.2d 768 ); see also WIS. STAT. § 48.31(1). If the petitioner meets that burden, the circuit court must find the parent unfit and proceed to the disposition phase. Evelyn C. R. , 246 Wis. 2d 1, ¶22 ; WIS. STAT. § 48.424(4) ("If grounds ... are found ... the court shall find the parent unfit.").
¶17 WISCONSIN STAT. § 48.415 provides various grounds for an involuntary termination of parental rights including the ground at issue in this case, that there was a continuing denial of visitation to S.G.M. with each child. Sec. 48.415(4). Section 48.415(4) provides:
Continuing denial of periods of ... visitation, which shall be established by proving all of the following:
(a) That the parent has been denied periods of physical placement by court order in an action affecting the family or has been denied visitation under an order under s. 48.345, 48.363 , 48.365, 938.345, 938.363 or 938.365 containing the notice required by s. 48.356(2) or 938.356(2).
(b) That at least one year has elapsed since the order denying periods of physical placement or visitation was issued and the court has not subsequently modified its order so as to permit periods of physical placement or visitation.
Sec. 48.415(4) (emphasis added). Section 48.415(4)(a) thus requires proof that an order entered under one of the enumerated statutes suspended visitation. Our supreme court has held that this ground for unfitness is "expressly provable by official documentary evidence, such as court orders." Steven V. v. Kelley H. , 2004 WI 47, ¶37, 39, 271 Wis. 2d 1, 678 N.W.2d 856.
IV. A Supporting Affidavit Was Not Required.
¶18 As mentioned, S.G.M. asserts that the County failed to comply with the technical requirements of summary judgment procedure under WIS. STAT. § 802.08(2) and (3). As described above, the County attached as exhibits certified copies of the revision orders but did not attach those orders to affidavits. S.G.M. contends that "[p]ieces of official looking papers are not sufficient unless the authenticity of the papers is supported by an affidavit ...." I reject this argument because summary judgment procedure does not always require that the moving party use supporting affidavits.
¶19 There is no requirement that a motion for summary judgment be supported by affidavits. Tews v. NHI, LLC , 2010 WI 137, ¶46, 330 Wis. 2d 389, 793 N.W.2d 860 ("The express language of the summary judgment statute does not always require a party moving for or opposing summary judgment to file an affidavit with the court."); see also WIS. STAT. § 802.08(2) ("The judgment sought shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any , show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.") (emphasis added). Accordingly, S.G.M.'s argument that affidavits are always required to admit the revision orders into evidence falls flat.
¶20 S.G.M. further contends that it is "beside the point that properly certified documents might be admissible" under the Wisconsin Rules of Evidence. I reject S.G.M.'s argument because he is missing the point of various statutes which allow certified copies of orders into evidence. See WIS. STAT. §§ 889.07 (certified copies of court orders shall be received with like effect as originals); 889.08 (manner of certification and presumption of genuineness); 909.02 (certified copies of public records are self-authenticating). The party relying on supporting evidence at the summary judgment stage, such as the County, "need only make a prima facie showing that the evidence would be admissible." Gross v. Woodman's Food Mkt., Inc. , 2002 WI App 295, ¶31, 259 Wis. 2d 181, 655 N.W.2d 718. For reasons noted, the County has made that prima facie showing. S.G.M. does not cite to any authority or otherwise explain why it is "beside the point" that properly certified documents are presumed genuine, are self-authenticating, and are therefore admissible in evidence and properly before this court for purposes of summary judgment. See WIS. STAT. § 802.08(3). I need not consider undeveloped arguments or arguments unsupported by citations to legal authority. State v. Pettit , 171 Wis. 2d 627, 646-47, 492 N.W.2d 633 (Ct. App. 1992).[3]
¶21 I now consider S.G.M.'s argument that the revision orders which suspended visitation do not satisfy the requirements of WIS. STAT. § 48.415(4)(a).
WIS. STAT. V. The Revision Orders Suspending Visitation Satisfy the Requirements of § 48.415(4)(a).
¶22 For clarity, I repeat that in order to establish grounds for termination of S.G.M.'s parental rights based on continuing denial of visitation, the County was required to prove that: (1) a revised CHIPS dispositional order denied S.G.M. visitation with each of the children under WIS. STAT. § 48.363 ; (2) each order contained the requisite notice concerning termination of parental rights; and (3) at least one year elapsed between each time the order was issued and the time the County filed the petition for termination of parental rights, during which period of time the court did not modify the order to permit periods of visitation. See WIS. STAT. § 48.415(4). S.G.M. does not dispute that the County satisfied the second and third elements.
¶23 Instead, S.G.M. contends that the County failed to meet its burden to show that the revision orders suspending visitation satisfied WIS. STAT. § 48.415(4)(a). As described above, the revision orders in this case contained the following pertinent language: "[The court orders] [t]hat face-to-face and telephonic visitation between the above-named child and her mother and father is suspended pursuant to [ WIS. STAT. §] 48.355(3) ...." (Emphasis added.) Seizing on that language, S.G.M. asserts that the language constitutes an order made under § 48.355(3), which is not one of the statutes enumerated in § 48.415(4)(a). See § 48.415(4)(a). I reject S.G.M.'s argument and conclude that the revision orders suspending visitation are orders under WIS. STAT. § 48.363 and satisfy the requirements of § 48.415(4)(a).
¶24 A disposition in a CHIPS case is governed by WIS. STAT. § 48.345. In a CHIPS dispositional order under § 48.345, the judge "shall decide on a placement" for the child and may place the child outside of the home. WIS. STAT. §§ 48.355(1) and 48.345. If a child is placed outside of the home under the CHIPS dispositional order pursuant to § 48.345, the issue of parental visitation arises. See Diana P. v. P.P. , 2005 WI 32, ¶31, 279 Wis. 2d 169, 694 N.W.2d 344. Notably, § 48.345 does not refer to parental visitation. Rather, it is § 48.355(3) that authorizes a circuit court to set reasonable rules for parental visitation as part of the CHIPS dispositional order. See id. ("The court has the discretion, based on the best interests of the child, to set reasonable rules regarding parental visitation within the dispositional order. ") (emphasis added) (citing § 48.355(3)(a) ).
¶25 WISCONSIN STAT. 48.363 provides for the revision of CHIPS dispositional orders. Sec. 48.363. Similar to WIS. STAT. § 48.345, § 48.363 does not refer to parental visitation. Nevertheless, under § 48.363, a party bound by the dispositional order, such as S.G.M. or the County, may request a revision of the CHIPS dispositional order, "which would include a revision of the court-imposed rules regarding visitation." Diana P. , 279 Wis. 2d 169, ¶31 (emphasis added).
¶26 Based on the language used in these closely related statutes and the holding of the Wisconsin Supreme Court in Diana P. , I conclude that WIS. STAT. § 48.355(3) grants the circuit court authority to set reasonable rules of visitation within a dispositional order. See id. ; see also Kalal , 271 Wis. 2d 633, ¶46 ("[S]tatutory language is interpreted ... not in isolation but as part of a whole [and] in relation to the language of surrounding or closely-related statutes."). That is, § 48.355(3) allows the circuit court to deny visitation under a dispositional order, such as a revision order under WIS. STAT. § 48.363. Therefore, such an order satisfies the requirements of WIS. STAT. § 48.415(4)(a). This conclusion is bolstered by the fact that, while neither WIS. STAT. § 48.345 nor § 48.363 explicitly refers to visitation, § 48.415(4)(a) specifies that the petitioner must prove that "the parent ... has been denied visitation under an order under [§§] 48.345 [or] 48.363...." Sec. 48.415(4)(a).
¶27 In this case, the circuit court revised the CHIPS dispositional orders pursuant to WIS. STAT. § 48.363 and included in those revision orders language indicating that it had suspended visitation. Accordingly, visitation was suspended under an order under § 48.363, satisfying the requirements of WIS. STAT. § 48.415(4)(a).
¶28 S.G.M.'s position to the contrary is untenable. At the outset, I note that S.G.M. does not acknowledge that the revision orders suspending visitation are clearly captioned "Order for Revision of Dispositional Order" and refer to WIS. STAT. § 48.363 at the foot of each page of the order. The totality of S.G.M.'s argument is that, simply because the revision orders suspended visitation "pursuant to [ WIS. STAT. §] 48.355(3)," those orders were "order[s] under WIS. STAT. § 48.355(3)" rather than § 48.363. This argument fails for at least the following reasons. First, the interpretation which S.G.M. advocates treats the various statutes governing dispositional orders in "isolation" and ignores the important context already discussed. See Kalal , 271 Wis. 2d 633, ¶46. The Wisconsin Supreme Court's discussion of visitation in Diana P. brings into relief that § 48.355(3) is the source of the circuit court's authority to set reasonable rules of visitation within a dispositional order, including a revision order under § 48.363. See Diana P. , 279 Wis. 2d 169, ¶31. Second, S.G.M. does not explain why it is the case that setting reasonable rules of visitation pursuant to § 48.355(3) transforms that portion of a CHIPS dispositional order into an order under § 48.355(3). Nor does S.G.M. cite to any authority in which a court held that revision orders which suspended visitation pursuant to § 48.355(3) were not in fact CHIPS dispositional orders but, rather, orders under § 48.355(3).
¶29 Because partial summary judgment was proper in this case and S.G.M. does not dispute the circuit court's disposition, the orders of the circuit court granting partial summary judgment in favor of the County, and terminating S.G.M.'s rights to A.M., S.J.M., K.M., and R.M., are affirmed.
CONCLUSION
¶30 For the foregoing reasons, the orders of the circuit court are affirmed.
By the Court. -Orders affirmed.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)4.

These appeals are decided by one judge pursuant to Wis. Stat. § 752.31(2)(e) (2017-18). All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted. These appeals have been consolidated for purposes of briefing and disposition.

I refer to these orders as either "the revised CHIPS dispositional orders" or "the revision orders" throughout this opinion.

Based on that result, the County's argument that S.G.M. forfeited his opportunity to contest the admissibility of the revised orders need not be considered.