# COURT OF APPEALS OF WISCONSIN
## PUBLISHED OPINION

Case No.: 2022AP1432

Complete Title of Case:

IN RE THE TERMINATION OF PARENTAL RIGHTS TO R. M.,
A PERSON UNDER THE AGE OF 18:

BROWN COUNTY DEPARTMENT OF HUMAN SERVICES,

    PETITIONER-RESPONDENT,

      V.

S. K.,

    RESPONDENT-APPELLANT.

| | |
|---|---|
| Opinion Filed: | April 18, 2023 |
| Submitted on Briefs: | December 2, 2022 |
| Oral Argument: | |

| | |
|---|---|
| JUDGES: | Stark, P.J., Hruz and Gill, JJ. |
| Concurred: | |
| Dissented: | |

| | |
|---|---|
| Appellant ATTORNEYS: | On behalf of the respondent-appellant, the cause was submitted on the briefs of *Brian Findley*, Watertown. |
| Respondent ATTORNEYS: | On behalf of the petitioner-respondent, the cause was submitted on the brief of *Samantha S. Wagner*, Brown County lead assistant corporation counsel, Green Bay. |

On behalf of R.M., the cause was submitted on the brief of *David J. Matyas*, guardian ad litem, De Pere.

**COURT OF APPEALS
DECISION
DATED AND FILED**

**April 18, 2023**

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2022AP1432**

**STATE OF WISCONSIN**

Cir. Ct. No. 2021TP32

**IN COURT OF APPEALS**

---

IN RE THE TERMINATION OF PARENTAL RIGHTS TO R. M., A PERSON UNDER THE AGE OF 18:

BROWN COUNTY DEPARTMENT OF HUMAN SERVICES,

    PETITIONER-RESPONDENT,

  V.

S. K.,

    RESPONDENT-APPELLANT.

---

APPEAL from an order of the circuit court for Brown County: JOHN ZAKOWSKI, Judge. *Reversed and cause remanded for further proceedings.*

Before Stark, P.J., Hruz and Gill, JJ.

¶1      GILL, J.[1]  Stephanie appeals from an order terminating her parental rights to her son Robert.[2]  Stephanie argues that the circuit court erred by granting the Brown County Department of Human Services' motion for partial summary judgment during the grounds phase of the termination of parental rights proceedings.  The court concluded that the undisputed facts established that grounds existed to terminate Stephanie's parental rights under WIS. STAT. § 48.415(9m)—commission of a serious felony against a child.  Stephanie argues the undisputed facts do not establish that she committed a serious felony against a child because she was convicted of the crime in question—neglect of a child resulting in death—as a party to the crime.  Stephanie contends that under the plain language of § 48.415(9m)(b)3., a conviction for neglect of a child resulting in death *as a party to the crime* does not qualify as a serious felony.

¶2      We reject Stephanie's argument that a conviction for neglect of a child resulting in death as a party to the crime can never qualify as a serious felony for purposes of WIS. STAT. § 48.415(9m).  Instead, based on the plain language of § 48.415(9m)(b)3., we conclude that a conviction for neglect of a child resulting in death as a party to the crime qualifies as a serious felony for purposes of § 48.415(9m) if the individual in question directly committed that crime.

---

[1] By order dated April 11, 2023, this court granted a motion for a three-judge panel pursuant to WIS. STAT. RULE 809.41 (2021-22).  All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

Cases appealed under WIS. STAT. RULE 809.107 are "given preference and shall be taken in an order that ensures that a decision is issued within 30 days after the filing of the appellant's reply."  *See* RULE 809.107(6)(e).  Conflicts in this court's calendar have resulted in a delay.  It is therefore necessary for this court to sua sponte extend the deadline for a decision in this case.  *See* WIS. STAT. RULE 809.82(2)(a); ***Rhonda R.D. v. Franklin R.D.***, 191 Wis. 2d 680, 694, 530 N.W.2d 34 (Ct. App. 1995).  Accordingly, we extend our deadline to the date this decision is issued.

[2] For ease of reading, we use pseudonyms in this confidential appeal, rather than initials, when referring to S.K., her son, and the child's father.

¶3    The circuit court did not apply this standard when ruling on the County's motion for partial summary judgment. In addition, the parties have not developed arguments regarding this standard, either in the circuit court or on appeal. Based on the evidence that the County presented in support of its partial summary judgment motion, and lacking developed arguments from the parties, we cannot conclude as a matter of law that Stephanie directly committed the crime of neglect of a child resulting in death. We therefore conclude that the court erred by granting the County's motion for partial summary judgment. Accordingly, we reverse the order terminating Stephanie's parental rights, and we remand for further proceedings consistent with this opinion.

## BACKGROUND

¶4    Robert was born in April 2017 and is the biological child of Stephanie and Jacob. Robert was removed from Stephanie and Jacob's care in May 2017, after Stephanie and Jacob arrived at a hospital emergency room with a deceased child, who was Stephanie's daughter and Robert's half-sister. Contrary to Stephanie and Jacob's report that the child had been responsive ten minutes before arriving at the hospital, an emergency room physician determined that the child had been dead for several hours. A subsequent autopsy report documented a significant amount of bruising on the child's face, head, arms, legs, and feet. The autopsy also documented two healing rib fractures, one new rib fracture, a perforated bowel, a torn upper frenulum, and numerous suspicious marks that appeared to be human bite wounds. The pathologist determined that the child had suffered from abuse and had died due to "her perforated bowel with Sepsis," which would have been caused by blunt force trauma to her abdomen.

¶5     In June 2017, Robert was adjudicated to be a child in need of protection or services.  Thereafter, the State charged Stephanie with three counts in connection with the death of Robert's half-sibling:  neglect of a child resulting in death, as a party to the crime; physical abuse of a child (failing to act to prevent bodily harm), as a party to the crime; and resisting or obstructing an officer.  Stephanie ultimately entered a no-contest plea to neglect of a child resulting in death, as a party to the crime, and the other two counts were dismissed and read in for sentencing purposes.  Jacob pled no contest to one count of first-degree reckless homicide, as a party to the crime, in connection with the child's death.

¶6     In June 2021, the County filed a petition to terminate Stephanie's parental rights to Robert.[3]  The County's petition alleged a single ground for terminating Stephanie's parental rights:  the commission of a serious felony against a child, pursuant to WIS. STAT. § 48.415(9m).[4]

¶7     The County subsequently moved for partial summary judgment, arguing the undisputed facts established that grounds existed to terminate Stephanie's parental rights under WIS. STAT. § 48.415(9m).  In support of its motion, the County submitted copies of the complaint and the judgment of conviction from Stephanie's criminal case, which showed that Stephanie had been

---

[3] The County also petitioned to terminate Jacob's parental rights to Robert.  Jacob consented to the termination of his parental rights, and his rights are not at issue in this appeal.

[4] The involuntary termination of an individual's parental rights involves a two-step statutory procedure.  *Steven V. v. Kelley H.*, 2004 WI 47, ¶24, 271 Wis. 2d 1, 678 N.W.2d 856.  In the first phase of the proceedings—the grounds phase—the petitioner must prove by clear and convincing evidence the existence of one or more of the grounds for termination of parental rights listed in WIS. STAT. § 48.415.  *Steven V.*, 271 Wis. 2d 1, ¶24.  If the petitioner makes that showing, "the court shall find the parent unfit."  WIS. STAT. § 48.424(4).  The case then proceeds to the second phase of the proceedings—the dispositional phase—during which the court must determine "whether it is in the best interest of the child that the parent's rights be permanently extinguished."  *Steven V.*, 271 Wis. 2d 1, ¶¶26-27.

charged with and convicted of neglect of a child resulting in death, as a party to the crime. The County argued that Stephanie's conviction for that offense necessarily qualified as a "serious felony" under § 48.415(9m)(b)3.

¶8     Stephanie opposed the County's partial summary judgment motion, arguing that her conviction for neglect of a child resulting in death was not a "serious felony" under WIS. STAT. § 48.415(9m)(b)3. because she was convicted of that offense as a party to the crime. Stephanie argued that the circuit court should read § 48.415(9m)(b)3. in context with § 48.415(9m)(b)1.—another subdivision listing offenses that qualify as serious felonies for purposes of § 48.415(9m). Stephanie contended that, when read together, § 48.415(9m)(b)1. and 3. showed that the legislature did not intend a conviction for neglect of a child resulting in death to provide grounds to terminate an individual's parental rights if the individual was convicted of that offense as a party to the crime.[5]

¶9     The circuit court granted the County's motion for partial summary judgment. The court noted it was undisputed that Stephanie had been convicted of neglect of a child resulting in death, as a party to the crime, contrary to WIS. STAT. § 948.21. The court then reasoned, "It is well understood that if one is convicted of a crime under a party to a crime theory of aiding or abetting or as part of a conspiracy, he [or she] is just as legally guilty as if he [or she] had directly committed the crime." The court also stated that WIS. STAT. § 48.415(9m)(b)3. "makes no distinction between an offense and being party to a crime." In addition, the court agreed with the County that adopting Stephanie's proposed construction of § 48.415(9m)(b)3. "would allow many individuals to evade the definition of a

---

[5] Stephanie also argued that WIS. STAT. § 48.415(9m) was unconstitutional as applied to her. Stephanie does not renew her constitutional argument on appeal, and we therefore do not address it further.

serious felony and avoid a finding of unfitness, although they would have committed the very same crime as someone who was not convicted as a party to a crime under WIS. STAT. § 948.21 and [was] later found unfit."

¶10     Following a dispositional hearing, the circuit court concluded that the termination of Stephanie's parental rights was in Robert's best interest. The court therefore entered a written order terminating Stephanie's parental rights. Stephanie now appeals.

## DISCUSSION

¶11     A circuit court may grant partial summary judgment during the grounds phase of a termination of parental rights proceeding if the petitioner shows that there is no genuine issue of material fact regarding one of the grounds for termination set forth in WIS. STAT. § 48.415. *Steven V. v. Kelley H.*, 2004 WI 47, ¶¶5-6, 271 Wis. 2d 1, 678 N.W.2d 856. We review a grant of partial summary judgment independently, using the same methodology as the circuit court. *Oneida Cnty. Dep't of Soc. Servs. v. Nicole W.*, 2007 WI 30, ¶8, 299 Wis. 2d 637, 728 N.W.2d 652.

¶12     To determine whether the circuit court properly granted partial summary judgment to the County in this case, we must interpret WIS. STAT. § 48.415(9m). The interpretation of a statute presents a question of law that we review independently. *Nicole W.*, 299 Wis. 2d 637, ¶9. Statutory interpretation begins with the language of the statute. *Id.*, ¶16. We interpret statutory language in the context in which it is used, as part of a whole, and in relation to the language of surrounding or closely related statutes. *Id.* "If the meaning of the words of a statute is plain, we ordinarily stop our inquiry and apply the words chosen by the legislature." *Id.* Conversely, if we conclude that statutory language is ambiguous—

6

that is, capable of being understood by reasonably well-informed individuals in two or more senses—we may examine extrinsic sources, such as legislative history, to ascertain the statute's meaning. *Id.*

¶13    WISCONSIN STAT. § 48.415(9m) provides that grounds for the termination of an individual's parental rights include:

> Commission of a serious felony against one of the person's children, which shall be established by proving that a child of the person whose parental rights are sought to be terminated was the victim of a serious felony and that the person whose parental rights are sought to be terminated has been convicted of that serious felony as evidenced by a final judgment of conviction.

Sec. 48.415(9m)(a).  In this case, it is undisputed that Stephanie was convicted of neglect of a child resulting in death, as a party to the crime, against one of her children.  The contested issue is whether that conviction qualifies as a "serious felony" for purposes of § 48.415(9m).

¶14    As relevant to this appeal, WIS. STAT. § 48.415(9m) provides that the term "serious felony" means "any of the following:"

> 1. The commission of, the aiding or abetting of, or the solicitation, conspiracy or attempt to commit, a violation of [WIS. STAT. §] 940.01, 940.02, 940.03 or 940.05 or a violation of the law of any other state or federal law, if that violation would be a violation of [§] 940.01, 940.02, 940.03 or 940.05 if committed in this state.
>
>    ….
>
> 3. The commission of a violation of [WIS. STAT. §] 948.21 or a violation of the law of any other state or federal law, if that violation would be a violation of [§] 948.21 if committed in this state, that resulted in the death of the victim.

Sec. 48.415(9m)(b)1., 3.

7

¶15 The offenses listed in subd. 1. of WIS. STAT. § 48.415(9m)(b) are first-degree intentional homicide, first-degree reckless homicide, felony murder, and second-degree intentional homicide. Sec. 48.415(9m)(b)1. Notably, subd. 1. states that the term "serious felony" includes not only the "commission of" those offenses, but also the "aiding or abetting of, or the solicitation, conspiracy or attempt to commit" those offenses. *Id.* In contrast, subd. 3. of § 48.415(9m)(b) states that the "commission of" a violation of WIS. STAT. § 948.21—that is, neglect of a child—is a "serious felony" if it resulted in the death of the victim. Sec. 48.415(9m)(b)3. Unlike subd. 1., subd. 3. does not include any language stating that the "aiding or abetting of, or the solicitation, conspiracy or attempt to commit" neglect of a child resulting in death qualifies as a serious felony for purposes of § 48.415(9m).[6]

¶16 Stephanie argues that our interpretation of WIS. STAT. § 48.415(9m)(b) must give meaning to the legislature's decision to include the language "the aiding or abetting of, or the solicitation, conspiracy or attempt to commit" in subd. 1., but not in subd. 3. She cites the doctrine of *expressio unius est exclusio alterius*, which provides that "the express mention of one matter excludes other similar matters [that are] not mentioned." *See FAS, LLC v. Town of Bass Lake*, 2007 WI 73, ¶27, 301 Wis. 2d 321, 733 N.W.2d 287 (alteration in original;

---

[6] The legislature repealed and recreated WIS. STAT. § 48.415(9m)(b) in 1997. *See* 1997 Wis. Act 237, § 144. Prior to that time, the statute provided:

> In this subsection, "serious felony" means any felony under [WIS. STAT. §] 940.01, 940.02, 940.03, 940.05 … or under [WIS. STAT. §] 948.21 if death is a consequence or a crime under federal law or the law of any other state that is comparable to a crime specified in this paragraph.

WIS. STAT. § 48.415(9m)(b) (1995-96). Thus, before 1997, the statute provided that the "commission" of any of the enumerated offenses provided grounds to terminate an individual's parental rights, without any reference to aiding or abetting, solicitation, conspiracy, or an attempt to commit the listed offenses.

citation omitted). Stephanie also notes that when a legislative body "uses particular words in one subsection of a statute but not in another subsection, we conclude the legislative body specifically intended a different meaning." *See Monroe Cnty. Dep't of Hum. Servs. v. Luis R.*, 2009 WI App 109, ¶42, 320 Wis. 2d 652, 770 N.W.2d 795.

¶17 Stephanie then notes that intentionally aiding and abetting the commission of a crime "is one of the ways in which a person can be a party to a crime." *See* WIS. STAT. § 939.05(2)(b). She argues:

> [T]he fact that the legislature specifically listed conviction for aiding and abetting homicides and felony murder as being grounds for termination of parental rights while not listing a conviction for aiding and abetting or as party to a crime for neglect of a child establishes as a matter of statutory construction that the legislature did not intend to make [a] conviction for neglect as a party to a crime … grounds for termination under WIS. STAT. § 48.415(9m).

¶18 We agree with Stephanie that our interpretation of WIS. STAT. § 48.415(9m)(b) must acknowledge and give meaning to the legislature's choice to include the words "the aiding or abetting of, or the solicitation, conspiracy or attempt to commit" in subd. 1., but not in subd. 3. In particular, we agree that the legislature's choice to include this language in subd. 1., but not in subd. 3., shows that the legislature "specifically intended a different meaning." *See Luis R.*, 320 Wis. 2d 652, ¶42.

¶19 Based on the plain language of WIS. STAT. § 48.415(9m)(b)1., we conclude the legislature intended that a conviction for the offenses listed in subd. 1. would qualify as a "serious felony" for purposes of § 48.415(9m) if the individual in question directly committed the crime, aided or abetted the commission of the

crime, or solicited, conspired, or attempted to commit the crime. Conversely, the absence of the words "the aiding or abetting of, or the solicitation, conspiracy or attempt to commit" in subd. 3. shows that the legislature did not intend a conviction for neglect of a child resulting in death to qualify as a "serious felony" if the individual in question aided and abetted, solicited, conspired, or attempted to commit that crime. Instead, reading subd. 3. in context with subd. 1., we conclude that a conviction for neglect of a child resulting in death qualifies as a "serious felony" for purposes of § 48.415(9m) *only if* the individual *directly committed* that offense.

¶20 Importantly, however, we do not agree with Stephanie that the absence of the words "the aiding or abetting of, or the solicitation, conspiracy or attempt to commit" in subd. 3. of WIS. STAT. § 48.415(9m)(b) means that a conviction for neglect of a child resulting in death, as a party to the crime, can *never* qualify as a serious felony. Stephanie emphasizes that intentionally aiding and abetting the commission of a crime is one way that a person can be a party to a crime under WIS. STAT. § 939.05. She therefore argues that the legislature's inclusion of the words "aiding or abetting" in subd. 1. of § 48.415(9m)(b), but not subd. 3., shows that the legislature did not intend a conviction for neglect of child resulting in death, as a party to the crime, to qualify as a "serious felony."

¶21 Stephanie's argument is flawed because it does not account for the fact that a person may be convicted of an offense as a party to the crime when the person directly committed that offense. WISCONSIN STAT. § 939.05, entitled "Parties to crime," provides that whoever is "concerned in the commission of a crime is a principal and may be charged with and convicted of the commission of the crime although the person did not directly commit it." Sec. 939.05(1). The

statute then specifies, as relevant here, that a person is "concerned in the commission of the crime" if the person:

>    (a)  Directly commits the crime; or
>
>    (b)  Intentionally aids and abets the commission of it; or
>
>    (c)  Is a party to a conspiracy with another to commit it or advises, hires, counsels or otherwise procures another to commit it[.]

Sec. 939.05(2)(a)-(c).

¶22    Thus, a person may be convicted of a particular offense as a party to the crime in three ways.  The second option for party-to-a-crime liability—intentionally aiding and abetting, *see* WIS. STAT. § 939.05(2)(b)—corresponds to the "aiding or abetting" language in subd. 1. of WIS. STAT. § 48.415(9m)(b).  The third option for party-to-a-crime liability—being a party to a conspiracy with another to commit a crime or advising, hiring, counseling or otherwise procuring another to commit it, *see* § 939.05(2)(c)—corresponds to the language in subd. 1. referencing the "solicitation" or "conspiracy" to commit the listed offenses.  Again, subd. 3. of § 48.415(9m)(b) does not include any language referring to the aiding or abetting of, or the solicitation or conspiracy to commit, neglect of a child resulting in death.  The absence of that language in subd. 3. indicates that a person's parental rights cannot be terminated based on a conviction for neglect of a child resulting in death, as a party to the crime, if the person aided or abetted that crime, solicited the commission of that crime, or conspired to commit it.

¶23    Notably, however, the first option for party-to-a-crime liability permits a person to be convicted as a party to the crime if he or she directly committed the crime in question.  *See* WIS. STAT. § 939.05(2)(a).  Subdivision 3. of WIS. STAT. § 48.415(9m)(b)—while not including any language referencing aiding

or abetting, solicitation, or conspiracy—expressly states that the term "serious felony" includes the "commission" of neglect of a child resulting in death. Under these circumstances, we conclude that a conviction for neglect of a child resulting in death, as a party to the crime, qualifies as a "serious felony" under § 48.415(9m)(b)3. if the individual in question directly committed that crime. In other words, what matters is not whether the person's conviction for neglect of a child resulting in death was as a party to the crime, but whether the person directly committed that crime, as opposed to aiding and abetting, soliciting, or conspiring to commit it.

¶24 The County argues the fact that Stephanie was convicted as a party to the crime is immaterial to the issue of whether her conviction qualifies as a serious felony for purposes of WIS. STAT. § 48.415(9m). The County emphasizes that, under WIS. STAT. § 939.05(1), any person who is "concerned in the commission of a crime *is a principal and may be charged with and convicted of the commission of the crime*." (Emphasis added.) The County concedes, however, that the legislature had a reason for adding the words "the aiding or abetting of, or the solicitation, [or] conspiracy … to commit" to subd. 1. of § 48.415(9m)(b). More specifically, the County acknowledges that "[w]ithout adding language for aiding and abetting, solicitation, and conspiracy[,] a parent who was involved [in] but did not directly commit the act of killing their child would not be able to have their rights terminated under the serious felony ground." In other words, the legislature's addition of the relevant language to subd. 1. shows that the legislature intended to allow termination of parental rights for individuals who were "involved [in] but did not directly commit" the crimes listed in subd. 1. Logically, it follows that the legislature's failure to add the same language to subd. 3. shows that the legislature

12

did not intend to allow the termination of parental rights for individuals who were "involved [in] but did not directly commit" neglect of a child resulting in death.[7]

¶25    The County also argues that Stephanie's interpretation of WIS. STAT. § 48.415(9m)(b)3.—i.e., that a conviction for neglect of a child resulting in death, as a party to the crime, can never qualify as a serious felony for purposes of § 48.415(9m)—would create an absurd result.    The County explains that Stephanie's interpretation "would allow a mother and father to both be convicted of neglect of their child resulting in death but evade a finding of unfitness under … § 48.415(9m) simply because they both were convicted as a party to a crime."    The County therefore asserts that Stephanie's interpretation "would allow many individuals to evade the definition of a serious felony and avoid a finding of unfitness, although they would have committed the very same crime as someone who was not convicted as a party to a crime under WIS. STAT. § 948.21 and [was] later found unfit."

¶26    We have not, however, adopted Stephanie's interpretation of WIS. STAT. § 48.415(9m)(b)3.  As explained above, we do not agree with Stephanie that a conviction for neglect of a child resulting in death, as a party to the crime, can never qualify as a serious felony for purposes of § 48.415(9m).  Instead, based on the plain language of § 48.415(9m)(b)1. and 3., we conclude that a conviction for neglect of a child resulting in death, as a party to the crime, qualifies as a serious

---

[7] The County asserts that the legislature chose to add the relevant language to WIS. STAT. § 48.415(9m)(b)1. to "include inchoate crimes under WIS. STAT. §[§] 939.30, 939.31, and 939.32"—that is, the inchoate crimes of solicitation, conspiracy, and attempt.  However, this assertion does not explain the legislature's decision to include the words "the aiding or abetting of" in § 48.415(9m)(b)1., but not in subd. 3.  Aiding and abetting the commission of a crime is not a separate inchoate crime under our statutes.  Instead, a person who intentionally aids and abets the commission of a particular offense may be convicted of that offense as a party to the crime.  *See* WIS. STAT. § 939.05(2)(b).

felony if the individual in question directly committed that offense. It is not absurd to conclude that the legislature intended to allow the termination of parental rights for individuals who did not directly commit the more serious offenses listed in subd. 1. of § 48.415(9m)(b), but intended to limit the termination of parental rights based on neglect of a child resulting in death to individuals who directly committed that offense.

¶27 The circuit court agreed with the County that a conviction for neglect of a child resulting in death, as a party to the crime, necessarily qualified as a serious felony under WIS. STAT. § 48.415(9m)(b)3. As a result, the court did not analyze whether the undisputed facts showed that Stephanie directly committed that crime. The parties did not develop arguments regarding that issue in the circuit court, and they have not briefed the issue on appeal.

¶28 In support of its partial summary judgment motion, the County submitted the complaint from Stephanie's criminal case and the judgment of conviction showing that she had been convicted of neglect of a child resulting in death, as a party to the crime. Based on our review of those documents—and without the benefit of developed arguments from the parties—we cannot conclude, as a matter of law, whether the undisputed facts show that Stephanie directly committed the offense of neglect of a child resulting in death. Accordingly, we cannot conclude that the circuit court properly granted the County partial summary judgment during the grounds phase of the termination of parental rights

proceedings. We therefore reverse the order terminating Stephanie's parental rights, and we remand for further proceedings consistent with this opinion.[8]

*By the Court.*—Order reversed and cause remanded for further proceedings.

---

[8] In addition to asking this court to reverse the order terminating her parental rights, Stephanie also asks us to "vacate any no contact order so that she can continue her practice of writing and sending letters to her child." Stephanie does not, however, identify any specific no-contact order that she believes this court should vacate. In addition, Stephanie does not present a developed argument as to why we should vacate any no-contact order that may currently exist. We therefore decline to address this issue. *See State v. Pettit*, 171 Wis. 2d 627, 646-47, 492 N.W.2d 633 (Ct. App. 1992) (court of appeals need not address undeveloped arguments). Any argument regarding a no-contact order may be addressed to the circuit court on remand.